STATE EX REL. RASMUSSEN, RELATOR, *v.* BOARD OF
COUNTY COMMISSIONERS, RESPONDENT.

(No. 3,340.)

(Submitted June 9, 1913.   Decided June 19, 1913.)

[134 Pac. 296.]

(For syllabus, see *State ex rel. Jacobson* v. *Board of County Commissioners,
ante,* p. 531.)

Original application by R. C. Rasmussen to review certain
actions taken by the board of county commissioners of Teton
county with reference to the proposed creation of Pondera
county.   Writ issued.

*Messrs. Norris & Hurd,* for Relator, argued the cause orally.

*Mr. O. W. McConnell,* and *Mr. J. A. McDonough,* for Re-
spondent, submitted a brief; *Mr. McConnell* argued the cause
orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

*Certiorari* to review the action of the board of county commis-
sioners of Teton county.   This proceeding was instituted by R.

C. Rasmussen, a taxpayer and qualified elector within that portion of Teton county which was sought to be organized into a new county to be known as Pondera county. On February 24, 1913, certain residents of the western portion of Chouteau county and the northern portion of Teton county presented to the county commissioners of Teton county petitions in due form, subscribed by the requisite number of electors, praying for the creation of Pondera county, to include nine townships in the western portion of Chouteau county and substantially all of the north half of Teton county. The petition recites that the property subject to taxation within the proposed new county has an assessed valuation of $5,722,130. Notice was given and a hearing set for March 25. There was an adjournment to March 26, when the cause was taken up by the board, and upon the suggestion of J. A. McDonough, an attorney representing interested petitioners, the board eliminated from the proposed county certain territory constituting something more than a township, and upon the objection of attorney Schmidt, representing Chouteau county, the board eliminated six of the nine townships to be taken from Chouteau county. The board further entertained a withdrawal petition and granted the same, thereby eliminating substantially one-half of that portion of the territory originally sought to be taken from Teton county. The board then adopted a resolution defining the boundaries of the proposed new county as thus amended; finding the facts as required by law; divided the proposed new county into election precincts, road and school districts, appointed the necessary election officers and called an election for June 25, 1913. On March 27 a proclamation for the election was duly made and published, and this proclamation describes the boundary lines of the proposed new county as they were described in the resolution adopted on the 26th of March. On May 21 this proceeding was instituted. The petition sets forth the foregoing facts in detail, and alleges that there was not any petition for the withdrawal of the one and a half townships withdrawn at the suggestion of attorney McDonough; that there was not any petition for the withdrawal of the six townships from Chou-

teau county, and that the pretended petition for the withdrawal of territory which was considered by the board and granted on March 26 was fraudulent; that it was never signed by any of the persons whose names appeared attached to it; that originally a valid withdrawal petition had been lodged with the board of county commissioners; that it had been withdrawn from the possession of the county clerk, the printed form at the head of the petition detached, and a new and a different heading attached to the signatures, and that it was this spurious and fraudulent withdrawal petition, and none other, which was considered by the board and granted on March 26; that after the eliminations made by the board the property included within the boundary lines of the proposed county had an assesssed valuation of less than four million and only slightly in excess of three million dollars. It is alleged that all preparations for the election are being made and that, if an election is had, large expenditures will be incurred and the taxes of this petitioner greatly increased thereby. The board of county commissioners appeared by motion to quash, and the cause was argued and submitted, it being agreed that the petition filed in this court contains all the facts necessary to a decision of the questions sought to be raised.

Upon the authority of *State ex rel. Jacobson* v. *Board of County Commissioners of Teton County, ante,* p. 531, it is ordered that the proceedings of the board of county commissioners of Teton county, taken on the 26th and 27th days of March, 1913, eliminating territory from the boundaries of the proposed new county to be known as Pondera county, and adopting resolution granting the petition for the creation of said county, describing its boundaries, *etc.,* and issuing a proclamation for, and giving notice of, an election to be held on June 25, 1913, to determine whether or not Pondera county should be created, be and the same are hereby annulled.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.